UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
TRACIE L. M.                   :    Civ. No. 3:20CV01898(SALM)
                               :
v.                             :
                               :
KILOLO KIJAKAZI, ACTING        :
COMMISSIONER, SOCIAL           :
SECURITY ADMINISTRATION        :    November 10, 2021
                               :
-------------------------------x
```

**ORDER APPROVING STIPULATION FOR ALLOWANCE OF FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [DOC. #25]; GRANTING MOTION FOR ATTORNEY FEE AND COSTS PURSUANT TO EAJA 28 USC SECTION 2142 SECTION (d) IN ACCORDANCE WITH STIPULATION OF THE PARTIES [DOC. #26]**

Plaintiff filed an application for Social Security benefits on June 20, 2016, alleging disability beginning March 3, 2015. See Certified Transcript of the Administrative Record, Doc. #13, compiled on May 19, 2021, (hereinafter "Tr.") at 186.[1] Plaintiff's application was denied initially on August 18, 2016, see Tr. 118-22, and upon reconsideration on December 8, 2016. See Tr. 126-29.

Plaintiff, represented by Attorney Richard B. Grabow, timely filed an action for review and moved to reverse the decision of the Commissioner. See Doc. #17. The Commissioner consented to remand, see Doc. #21, and on October 21, 2021, the undersigned remanded this matter to the Commissioner. See Doc. #22. Judgment entered on October 22, 2021. [Doc. #24]. On November 9, 2021, the

---

[1] The Court uses the pagination on the Transcript itself, rather than the ECF pagination, throughout this Order.

1

Commissioner filed a "Stipulation for Allowance of Fees under the Equal Access to Justice Act" (hereinafter the "Fee Stipulation"). [Doc. #25]. On that same date, plaintiff filed a motion for attorney's fees, providing documentation of the fees incurred and the hours worked on this matter. [Doc. #26].

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed plaintiff's itemization of hours incurred to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Stipulation for Allowance of Fees Under the

Equal Access to Justice Act [**Doc. #25**], and **GRANTS** plaintiff's Motion for Attorney Fees [**Doc. #26**] for the stipulated amount of **$6,679.38 in attorney's fees**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

In the itemization of the hours incurred in prosecuting this matter, plaintiff's attorney claims fees for 31.25 hours of work at an hourly rate of $213.74. See Doc. #26-2 at 2. The parties have reached an agreement under which defendant would pay this amount. See Doc. #25. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S.

424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[2] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court having granted the consent motion for remand of this matter for further administrative proceedings after plaintiff had filed a motion to reverse; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed. See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

In this case, plaintiff's counsel seeks payment for 31.25 hours of attorney time. See Doc. #26-2 at 2. The administrative transcript in this case was comprised of 1774 pages and plaintiff's counsel submitted a thorough and well-reasoned brief. The Court finds the time reasonable for the work claimed, including: preparation of the Complaint [Doc. #1]; review of the administrative transcript [Doc. #13]; preparation of the motion to reverse and memorandum in support [Doc #17, Doc. #17-1]; and preparation of the stipulated statement of material facts [Doc. #17-2]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (citations and quotation marks omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). The Court further finds that the 31.25 hours claimed is reasonable under the circumstances; "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (citations and quotation marks omitted); Cobb v. Astrue, No.

5

3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).

Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of $6,679.38 in fees is appropriate. Accordingly, the Court **APPROVES and SO ORDERS** the parties' Stipulation for Allowance of Fees Under the Equal Access to Justice Act [**Doc. #25**], for the stipulated amount of **$6,679.38 in attorney's fees**.

It is so ordered at New Haven, Connecticut, this 10th day of November, 2021.

                                        _____
                                        HON. SARAH A. L. MERRIAM
                                        UNITED STATES DISTRICT JUDGE